**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

JOHN DOE,

    Petitioner,

v.                                                      Case No. 20-51475/
                                                                           20-13310

UNITED STATES OF AMERICA,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO QUASH AND CLOSING THIS CASE**

Petitioner John Doe asks the court to quash in part a subpoena to testify and produce documents before a grand jury on December 16, 2020. (ECF Nos. 1, 2.) The grand jury will consider whether one of Petitioner's clients, Richard Roe, willfully filed false tax returns. (ECF No. 1-1, PageID.23.) Petitioner represented Roe in a 2018 bankruptcy proceeding. (ECF No. 6, PageID.98; ECF No. 1, PageID.1.)

In his motion to quash, Petitioner argues information the government seeks is protected by the attorney-client privilege. The government filed a response, (ECF No. 6), and the court held a hearing on December 15, 2020. Petitioner's motion to quash was denied on the record.

The attorney-client privilege bars compelled disclosure of "confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client." *In re Grand Jury Subpoena*, 886 F.2d 135, 137 (6th Cir. 1989) (quotations removed). "The privilege's primary purpose is to encourage full

and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005). The attorney-client privilege has eight elements:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998).

"The burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). The privilege is "narrowly construed because it reduces the amount of information discoverable during the course of a lawsuit." *Ross*, 423 F.3d at 600 (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997)).

The grand jury subpoena directs Petitioner to produce the following written documents:

 a) Mr. Roe's income tax returns for the years 2015, 2016 and 2017;

 b) any and all documents provided by Mr. Roe to Petitioner for the purpose of (1) assembly into the bankruptcy petition and supporting schedules, (2) disclosure to the bankruptcy Trustee or (3) other disclosure to a third party in the course of Petitioner's representation of Mr. Roe; and

 c) billing records regarding Petitioner's representation of Mr. Roe.

(*Id.*, PageID.2-3.) The parties agree that these documents are not covered by the attorney-client privilege and Petitioner must produce them. (ECF No. 1, PageID.2-3; ECF No. 6, PageID.100-101.)

2

At the grand jury hearing, the government also intends to elicit testimony from Petitioner. The government will ask Petitioner what documents and information Roe gave to Petitioner and Petitioner relied on to make filings on behalf of Roe in the 2018 bankruptcy proceeding. (ECF No. 6, PageID.101-02.) "[I]f an otherwise confidential communication is necessarily intended to be disclosed to a third party, the privilege disappears." *360 Const. Co., Inc. v. Atsalis Bros. Painting Co.*, 280 F.R.D. 347, 351 (E.D. Mich. 2012) (Lawson, J.); *see also Reed*, 134 F.3d at 355-56 (requiring communications be "made in confidence" and for the purpose of obtaining legal advice in order for the attorney-client privilege to apply).The parties agreed at the December 15 hearing that the government can elicit testimony on the information Roe provided Petitioner for later disclosure to the bankruptcy court.

In addition, the government seeks Petitioner's testimony regarding his review and advice for Roe's 2017 tax return. In letters to the government dated April 1 and July 3, 2020, Roe stated the 2017 return was given to Petitioner "along with any and all information returns." (ECF No. 1-1, PageID.31.) Petitioner "advised [Roe] personally, in [Petitioner's] office where [Roe] was meeting him, that [Roe's] return was correct and complete." (*Id.*) According to Roe, he relied on Petitioner's opinion and "trusted [Petitioner] and his review." (*Id.*) Further, Roe specifically directed the government to ask Petitioner "why [he] . . . arrived at [his] decision[]." (*Id.*, PageID.42.)

Roe told the government the location and purpose of the confidential communication, documents Petitioner reviewed and relied on, and Petitioner's legal conclusions. "[T]he attorney-client privilege is waived by voluntary disclosure of private communications by an individual . . . to third parties." *In re Lott*, 424 F.3d 446, 452 (6th

3

Cir. 2005). Roe's voluntary disclosure to the government, made with the explicit intent that the government "look into the information" to clear Roe of criminal liability, (ECF No. 1-1, PageID.31), constitutes a waiver of the attorney-client privilege. *See United States v. Collis*, 128 F.3d 313, 320-21 (6th Cir. 1997) (finding the attorney-client privilege was waived when the client informed government agents that the client had exchanged drafts of a letter with his attorney); *Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 820-21 (6th Cir. 2007) (holding the attorney-client privilege was waived when the client disclosed to a social worker that the attorney advised the client to settle a lawsuit); *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251 (6th Cir. 1996) (finding the attorney-client privilege did not apply when clients "revealed [to government investigators] their attorney's legal conclusions and the facts on which those conclusions were based"). The government can elicit testimony from Petitioner on his review of Roe's 2017 tax return and the legal advice and observations provided to Roe regarding that return.

Petitioner fails to present a valid justification for quashing the grand jury subpoena. No issues or motions remain unresolved, and this case will be closed. Accordingly,

IT IS ORDERED that Petitioner's "Motion to Quash" (ECF No. 2) and "Initiating Motion [to] Quash" (ECF No. 1) are DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is DIRECTED to close this case.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 16, 2020

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 16, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-51475.DOE.MotiontoQuash.RMK.docx